UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br><br>  Plaintiff,<br><br> v.<br><br>W. MUNIZ, et al.,<br><br>  Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING MOTIONS FOR PRELIMINARY INJUNCTION; ADDRESSING OTHER MOTIONS**<br><br>(Docket Nos. 53, 70, 71, 77-1, 90 & 95) |

  Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP"). The Court found the complaint, (Docket No. 11), liberally construed, stated a cognizable claim and ordered the matter served on Defendants.[1] (Docket No. 19.) Defendants Kumar, Muniz, Golding, Bright, Ahumada, Dunlap, Villa, Rasheed, and Papan filed a motion to dismiss on the grounds that the complaint does not comply with Rules 18 and 20 of the Federal Rules of Civil Procedure ("FRCP"). (Docket No. 53, hereafter "Mot.") Plaintiff filed an opposition, (Docket No. 77), and Defendants filed a reply, (Docket No. 78).

---

[1] Defendants Reed and Tran were terminated from this action under Rule 4(m) of the Federal Rules of Civil Procedure. (*See* Docket Nos. 54 & 92.) Defendant Birdsong is deceased, (*see* Docket No. 41), but to date no motion has been filed for substitution of the decedent party by a successor or representative.

Defendant Sullivan filed a separate motion to dismiss on identical grounds, (Docket No. 90), to which Plaintiff filed no opposition although given an opportunity to do so. For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**. The dismissal is with leave to amend for Plaintiff to attempt to correct the deficiencies of the complaint.

## DISCUSSION

### A. Plaintiff's Claims

In the order of service, the Court found the complaint stated a cognizable claim under the Eighth Amendment based on the allegation that Defendants acted with deliberate indifference to his pain management and neurological and orthopedic medical condition since 2007. (Docket No. 19 at 2.) In their motion to dismiss, Defendants assert that Plaintiff's complaint actually sets forth a variety of unrelated claims against numerous defendants, which is summarized below.

Plaintiff makes the following allegations against Defendant Correctional Officer and Counselor Ahumada at SVSP: (1) on November 22, 2016, Defendant Ahumada questioned Plaintiff about his typewriter and examined the machine, (Compl. ¶ 46), and told him that he would be taking him to a committee for his annual hearing (*id.* at ¶ 47); (2) on December 27, 2016, Defendant Ahumada told Plaintiff that his medical status had been changed, (*id.*); (3) on February 24, 2017, Defendant Ahumada appeared before a classification committee and undermined Plaintiff's ADA and health care status, (*id.* at ¶ 48); (4) on February 28, 2017, as a result of Defendant Ahumada's actions, Plaintiff was taken to see an ophthalmologist but had to use a non-ADA wheelchair that was painful, (*id.* at ¶ 49).

Plaintiff alleges that in a previous case he had filed, Defendant Deputy Attorney General Papan filed a perjurious declaration by Defendant Dunlap, by which a magistrate judge was persuaded to issue a ruling that terminated necessary medical treatment. Defendant Papan also allegedly allowed state medical personnel to perjure themselves

(*Id.* at ¶ 62.)

Plaintiff claims that Defendant Dunlap was the Chief Medical Executive at the prison who was the declarant of the perjurious declaration filed by Defendant Papan, (*id.* at ¶¶ 11, 32, 34), and was one of three people who prescribed extended release Morphine for Plaintiff, (*id.* at ¶ 34).

Plaintiff also sets forth the following claims against Defendant Kumar, who allegedly denied him pain management in July and August 2003: (1) in February 2007, Defendant Kumar forced Plaintiff to accept his medication in a "crush and float" form for his consumption, (*id.* at ¶ 22); (2) on April 11, 2014, Defendant Kumar and two other defendants prescribed an "extended release" form of morphine, (*id.* at ¶ 34); (3) on January 22, 2016, Defendant Kumar and another defendant consulted with a third doctor in bad faith and alleged that there were no records suggesting Plaintiff had a vision impairment, (*id.* at ¶ 42); and (4) on June 9, 2017, Plaintiff was sent to an outside surgeon's office for which contacted Defendant Tran to determine if Plaintiff could be given a muscle relaxant, to which Defendant Tran agreed but with the instruction that such medication be provided only in crush and float form. (*Id.* at ¶ 52.) Plaintiff alleges that Defendants Kumar and Bright were behind Defendant Tran's order to give a muscle relaxant in only crush and float form. (Id.)

Plaintiff claims that Defendant Bright acted with deliberate indifference to Plaintiff's medical needs when he was assigned to investigate one of Plaintiff's appeals and found that there was nothing in his records to warn against prescribing a safe form of pain management to him. (*Id.* at ¶ 25.)

Plaintiff claims Defendant Golding is responsible for treating patients from 2007 to 2012, (*id.* at ¶ 17), and that at one point, Defendant Golding examined him and failed to notify his physician that Plaintiff had an unspecified adverse reaction to treatment, (*id.* at ¶ 24).

Plaintiff also alleges the following against Defendants Rasheed and Villa: (1)

3

Defendant Rasheed conducted a "nefarious interview and bad faith examination of [his] worsening vision" in 2015, and also failed to provide him with laser surgery, (*id.* at ¶ 33); (2) Defendant Rasheed allegedly conducted a bad faith examination of Plaintiff's worsening vision in 2015 that was caused by Defendant Bright's "undertreatment" and denial of effective preventative cataract eye wear glasses, (*id.* at ¶ 37); and (3) Defendant Villa "tried to overmedicate me with some adverse high blood pressure medication," (*id.* at 40).

Lastly, Plaintiff mentions Defendant Muniz as the Warden of SVSP and at times during the events alleged, as an Associate Warden, (*id.* at ¶ 4), but makes no further allegations him.

Defendants have filed a motion to dismiss on the grounds that the complaint violates FRCP 18(a) because these claims are unrelated and involve different defendants in a single action. (Mot. at 4-5.) They also argue that the complaint fails to indicate that Defendants participated in the same transaction or series of transactions, or that a question of fact was "common to all Defendants," and therefore violates FRCP 20. (*Id.* at 5-6.)

**B.   Analysis**

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Defendants assert that the complaint does not adhere to Rule 18(a) because it includes a variety of unrelated claims against different Defendants: Defendant Ahumada

4

questioned him about his typewriter, Defendant Papan filed a perjurious declaration that eventually led to the termination of his medical treatment, Defendant Bright mishandled his inmate appeal, and Defendant Villa tried to "overmedicate" him with blood pressure medication. *See supra* at 2-4. (Mot. at 4-5.) Defendants assert that if allowed to proceed, this "mishmash" of a complaint would enable Plaintiff to improperly combine multiple unrelated claims and avoid paying required filing fees, and to preempt the three strikes rules under 28 U.S.C. § 1915(g). (*Id.* at 5.)

Defendants also assert that the complaint runs afoul of Rule 20 because Plaintiff has not alleged that all Defendants participated in the same transaction or series of transactions, or that there exists a question of fact that is common to all Defendants. (*Id.*) Specifically, Plaintiff's claims related to his typewriter, the allegedly perjurious declaration by Defendant Dunlap that was filed by Defendant Papan, the handling of the inmate appeal by Defendant Bright, the various medical claims against Defendants Kumar, Rasheed, Golding, Dunlap, and Villa, and the mere fact that Defendant Muniz was a warden and associate warden, appear to be unrelated, as they all involve difference Defendants and different sets of operative facts.

In opposition, Plaintiff asserts that Defendants' "sub rosa actions of… preventing Plaintiff… from communicating with the courts by way impeding, hindering, mail tampering, and inflicting physical assault" by "withholding stabilizing safe form pain medicine [*sic*]" which resulted in denying him due process in violation of the 5th and 14th Amendments. (Opp. at 1.) Plaintiff also asserts that Defendants' actions have "culminat[ed] in cruel and unusual infliction of punishment" in violation of the 8th Amendment. (*Id.*) Plaintiff asserts that "because of respondent superior," Defendants Kumar and Muniz are liable for the actions of their subordinate personnel, "in a conspiracy to obstruct justice." (*Id.*) In support of this conspiracy claim, Plaintiff also asserts that Defendant Ahumada was assigned by Defendant Muniz to review Plaintiff's auxiliary aid typewriter "to search for damages," and then a month later informed Plaintiff that a doctor

5

had changed the medical orders. (*Id.* at 3.) Plaintiff asserts that he filed an appeal on the matter which the Appeals Office failed to process, depriving Plaintiff of due process. (*Id.*) Plaintiff repeats his assertion that Defendant Papan "did assist and condone the nefarious subordination of Defendants to commit perjury before the federal court." (*Id.*) Plaintiff claims that Defendant Villa "did in bad faith knowingly [use] her fiduciary authority to cancel a pre-approved form of safe effective form of pain medicine; to previously removed [*sic*] form of crush-float (sand-paper-form) morphine on or about May of 2016." (*Id.* at 5.) Lastly, Plaintiff claims that Defendant Rasheed "acted [with] deliberate indifference to serious medical and ADA vision care needs" on June 30, 2016. (*Id.* at 7.)

In reply, Defendants argue that Plaintiff's opposition further confirms that his "mishmash of a complaint" should be dismissed because he is simply detailing various ills he has purportedly suffered while incarcerated between "2003 and up through 2018," involving a multitude of defendants. (Reply at 2.) Defendants assert that Plaintiff has not alleged that Defendants participated in the same transaction or series of transactions, or that there exists a question of fact that is common to Defendants. (*Id.* at 2-3.)

After carefully reviewing the briefs, the Court finds that the complaint does violate Rules 18(a) and 20(a) for the reasons described by Defendants. Although Plaintiff attempts to relate his claims against multiple Defendants by asserting "conspiracy to obstruct justice," it is simply conclusory and not supported by factual allegations establishing a conspiracy, i.e., a "meeting of the minds." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). For example, Plaintiff fails to explain how his claim regarding inadequate pain medication is related to his vision care needs. Neither of these issues arise out of the same transaction, occurrence, or series of transactions or occurrences, nor do they involve facts common to all defendants. Plaintiff shall be afforded at least one opportunity to file an amended complaint that complies with the FRCP.

In filing an amended complaint, Plaintiff is advised that the only way he can

6

proceed on all the claims discussed above is if he satisfies both Rule 18(a) and Rule 20(a). Because it appears unlikely that he can do so without making conclusory allegations, the Court will limit the claims in this action to an Eighth Amendment deliberate indifference claim regarding **either** his pain management **or** his vision care needs.[2] Mere proximity in time and similarity in the types of problems Plaintiff encountered are not enough to satisfy Rule 20(a)(2) and bring in one suit otherwise unrelated claims against different defendants. *See Coughlin*, 130 F.3d at 1350-51. This is so not only to prevent the sort of morass that a multiple-claim, multiple-defendant suit seeks "but also to ensure that prisoners pay the required filing fees – for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). If Plaintiff wishes to pursue other, unrelated claims, he must file them in a separate § 1983 action.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983

---

[2] The Court notes that Plaintiff raised an identical claim involving crush and float medication against Defendant Kumar in a previous action which was dismissed for failure to exhaust administrative remedies. *See* Case No. C 12-3193CRB (PR). Plaintiff should carefully consider whether such a clam would survive another dispositive motion based on a failure to exhaust administrative remedies in deciding which claim to pursue in this action.

7

solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

C. **Pending Motions**

With his opposition, Plaintiff filed a motion for reconsideration of the Court's previous order, (Docket No. 74), denying a motion for preliminary injunction and sanctions and dismissal of Defendant Tran from this action. (Docket No. 77-1.) The motion is DENIED in light of this order of dismissal and Plaintiff's failure to show that dismissal of Defendant Tran under Rule 4(m) was improper.

Plaintiff has filed a "motion for physical examination and emergency order to compel urgent care treatment," (Docket No. 70), and another "motion for emergency prospective relief," (Docket No. 95), which the Court construes as motions for preliminary injunction. Plaintiff claims he has "life threatening (unstabled) neurological and orthopedic damages" that require proper treatment, (Docket No. 70 at 1), and seeks transfer to a medical facility for treatment, (Docket No. 95 at 3). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). Here, the Court has granted Defendants' motion to dismiss with leave to amend such that it is now unclear what claim or Defendants will remain as the subject of this action. Because Plaintiff cannot establish likelihood of success on the merits, the motions for preliminary injunction are DENIED.

Defendants' motion to stay discovery pending ruling on their motion to dismiss is DENIED as moot. (Docket No. 71.)

///

8

## CONCLUSION

For the foregoing reasons,

1. Defendants' motions to dismiss, (Docket Nos. 53 & 90), are **GRANTED**. The complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff is unable to relate the claims and comply with Rule 18(a) and Rule 20(a) as discussed above, he shall file an amended complaint containing only on deliberate indifference claim regarding **either** his pain management **or** his vision care needs.

2. The amended complaint must include the caption and civil case number used in this order, Case No. C 17-01690 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff shall file an amended complaint **no later than twenty-eight (28) days** from the date this order is filed. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

3. Plaintiff's motion for reconsideration, (Docket No. 77-1), is **DENIED**. Plaintiff's motions for preliminary injunctions, (Docket Nos. 70 and 95), are **DENIED**. Defendants' motion to stay discovery, (Docket No. 71), is **DENIED**.

4. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

///

///

9

This order terminates Docket Nos. 53, 70, 71, 77-1, 90, and 95.

**IT IS SO ORDERED.**

Dated: June 5, 2018

BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss with LTA; Other Motions
PRO-SE\BLF\CR.17\01690Martin_grant-mtd.lta

10