UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br>   Plaintiff,<br><br>v.<br><br>W. MUNIZ, et al.,<br>   Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR SCREENING ORDER; DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 108, 109, 110, 112, 115) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP"). The Court granted Defendants' motion to dismiss the complaint for failing to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure ("FRCP"), and granted Plaintiff leave to amend to attempt to correct the deficiencies. (Docket No. 98.) Plaintiff

filed an amended complaint. (Docket No. 107), and Defendants move for a screening order. (Docket No. 108.) The motion is **GRANTED**.

## DISCUSSION

### A. <u>Background</u>

In the order of service, the Court found the complaint stated a cognizable claim under the Eighth Amendment based on the allegation that Defendants acted with deliberate indifference to his pain management and neurological and orthopedic medical condition since 2007. (Docket No. 19 at 2.) In granting Defendants' motion to dismiss, the Court found that Plaintiff's action was based on two different and apparently unrelated medical issues: inadequate pain medication (for his spinal condition) and vision care needs. (Docket No. 98 at 6.) In filing an amended complaint, Plaintiff was advised that he was to limit the claims in this action to an Eighth Amendment deliberate indifference claim regarding either his pain management or his vision care needs. (*Id.* at 7.) In their motion for a screening order, Defendants assert that Plaintiff's amended complaint does not appear to follow the Court's directive because it includes allegations regarding both pain management medication and vision pain. (Docket No. 108 at 2.)

### B. <u>Analysis</u>

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in

2

one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

The amended complaint does not adhere to Rule 18(a) because it includes a variety of unrelated claims against different Defendants: claims against Defendant Dr. Kumar for actions related to Plaintiff's pain medication while housed at the STAF-Corcoran[1] during 2003, (Am. Compl. ¶¶ 15-16); the claim that after he was transferred to Salinas Valley State Prison ("SVSP") he was issued the wrong blood pressure medicine in February 2007, (*id.* ¶17); the claim that Defendant Dr. Bright improperly denied his appeal in 2012 regarding his pain management, (*id.* ¶ 21); the claim that Defendant William Muniz improperly denied a chrono for single-cell accommodations, (*id.* ¶ 24); the claim that he was injured during an assault on August 1, 2013, which resulted in a guilty finding for assault that adversely affects his parole eligibility, (*id.* at 25); the claim that Defendant Dr. Eric Sullivan denied him treatment after the assault on August 1,

---

[1] SATF-Corcoran refers to the Substance Abuse Treatment Facility and State Prison at Corcoran, California.

3

2013, (*id.* ¶ 26); the claim that Defendant Kumar failed to summon recommended neuro-surgeons to treat problems related to his spine, (*id.* ¶ 27); obstruction of justice against Defendants Muniz and Kumar on February 6, 2014, for providing information to the classification committee, (*id.* ¶ 29); the claim that on April 11, 2014, he was again placed on crush-float medicine by Defendants Posson, Kumar, and Dunlap, (*id.* ¶ 30); the claim that in June 2015, Defendant Birdsong refused to refer him to either a neurologist or orthopedic surgeon but instead sent him to a pain specialist, (*id.* ¶ 34); the claim that on January 22, 2016, Defendants Kumar and Birdsong acted with deliberate indifference to his vision pain by sending him to Dr. Chudy who found no record of Plaintiff having any vision problems, (*id.* ¶ 36); the claim that Defendant Dr. Jennifer Villa acted with deliberate indifference to his pain by terminating the extended release to a lower crush-float medicine, (*id.* ¶ 38); the claim that Defendant Dr. Rasheed, ophthalmologist, acted with deliberate indifference by issuing a medical opinion that undermined previous surgeons orders, (*id.* ¶ 40); and the claim that on February 28, 2017, he was injured during transportation to the ophthalmologist office and that Defendant Kumar is liable, (*id.* ¶ 42).

Plaintiff asserts in a briefing in response to Defendants' motion for a screening order that he has eliminated the ADA vision and all other issues not related to his pain management. (Docket No. 109.) Even so, the amended complaint includes allegations that are not related to his pain management. For

4

example, Plaintiff claims that after he was transferred to SVSP, he was issued the wrong blood pressure medicine in 2007, which has no apparent relation to his pain management. Furthermore, Plaintiff includes allegations regarding an August 1, 2013 incident which has a negative impact on his parole eligibility, but any claims related to this incident do not have a similar factual background and common issues of law or fact with the pain management claim. *See Coughlin*, 130 F.3d at 1350-51; Fed. R. Civ. P. 20(a)(2).

Plaintiff has already been permitted one opportunity to file an amended complaint in lieu of dismissal. In the interest of justice, Plaintiff shall be afforded one final opportunity to file a second amended complaint that satisfies both Rule 18(a) and Rule 20(a). As it appears that he desires to pursue the claim regarding his pain management, Plaintiff is instructed to limit the allegations in a second amended complaint to facts regarding his pain management and against only those Defendants that were personally involved in his pain management. If Plaintiff wishes to pursue other, unrelated claims, he must file them in a separate § 1983 action.

In preparing a second amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a

5

constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## C. **Pending Motions**

Plaintiff filed an "ex parte application" which requests a font size of 18 or 20 to accommodate his painful and blurry vision. (Docket No. 109.) The request is **GRANTED**. Henceforth all filings, including court orders and Defendants' papers, shall be prepared in at least a font size of 18.

Plaintiff has filed several requests for copies of his motions. (Docket Nos. 111, 118.) Notwithstanding his *pauper* status, Plaintiff is still responsible for the cost of copies. The Clerk of the Court shall include with this order a Request for Copies form showing the appropriate costs for the copies he requests.

Plaintiff has filed a motion for a contempt citation or sanctions, asserting that the "Office of the Attorney General Xavier Becerra has systematically condoned the nefarious practice of protecting/representing (CDCR); Salinas Valley State Prison, Wardens, and Chief Medical Executive, Doctors and their Subordinates Personnel['s] malicious endeavors to harm and or

6

cause the intentional killing of a patient/plaintiff before the federal courts… to cover up and conceal criminal and medical malfeasance to render the need for corrective [] procedures moot." (Docket No. 110 at 3-4.) Defendants filed an opposition. (Docket No. 113.)

The district court has the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority based on "disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Here, as Defendants point out, Plaintiff fails to point to any specific order of the court that Defendants violated. His allegations against the Office of the Attorney General are vague and conclusory and not supported by any evidence. Accordingly, the motion for a contempt citation is DENIED.

Plaintiff filed an ex-parte motion for "access to due process," claiming that prison officials retaliated against him in mid-September 2018 for filing a motion for contempt citation and are obstructing his procedural due process rights. (Docket No. 112.) It is unclear what action he desires from the Court. But to the extent that he is attempting to add another claim to this action, Defendants asserts in response that he may not do so since he clearly has not exhausted his administrative remedies for this new claim before he commenced this action in July 2017. (Docket No. 116 at 2.) Defendants are correct. Plaintiff must exhaust administrative remedies before he files suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006)

7

(where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Plaintiff prepared the motion on the same day the alleged retaliatory action took place, i.e., on September 16, 2018, and therefore, he clearly could not have exhausted this claim prior to filing this motion, much less this action. Accordingly, the motion is DENIED.

Plaintiff filed another motion for miscellaneous relief, requesting a copy of his motion for a contempt citation and attachments thereto. (Docket No. 115.) As stated above, Plaintiff must pay for the cost of copies of documents from the court. Accordingly, the Clerk of the Court shall include this request in the Request for Copies form discussed above. *See supra* at 6.

## CONCLUSION

For the foregoing reasons,

1. Defendants' motion for a screening order is **GRANTED**. (Docket No. 108.) The amended complaint is **DISMISSED** with leave to amend. Plaintiff is directed to file a second amended complaint containing only allegations in support of his Eighth Amendment deliberate indifference claim regarding his pain management. The second amended complaint must comply with Rule 18(a) and Rule 20(a) as discussed above, or be subject to dismissal for violating those rules.

2. The second amended complaint must include the

8

caption and civil case number used in this order, Case No. C 17-01690 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff shall file the second amended complaint **no later than twenty-eight (28) days** from the date this order is filed. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and the amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a second amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

3. Plaintiff's ex parte application for a larger font size, (Docket No. 109), is **GRANTED**.

**Defendants are advised that all future filings shall be prepared in at least a font size of 18.**

4. Plaintiff's motion for a contempt citation, (Docket No. 110), is **DENIED**. Plaintiff's requests for copies, (Docket Nos. 111, 115, 118), are **DENIED** to Plaintiff paying the related costs. Plaintiff's motion alleging new claims, (Docket No. 112), is

9

**DENIED**.

5. The Clerk shall include a Request for Copies form indicating the cost for copies of all the documents requested by Plaintiff.

6. The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 108, 109, 110, 112, and 115.

**IT IS SO ORDERED.**

Dated: January 8, 2019

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Screen; DWLTA; Other Motions
PRO-SE\BLF\CR.17\01690Martin_screen.fac

10