# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br>　　　　Plaintiff,<br>　v.<br>W. MUNIZ, et al.,<br>　　　　Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE; DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>(Docket Nos. 121, 123, 124) |

　　　Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP"). After screening the amended complaint, the Court dismissed with leave to file a second amended complaint that complies with Federal Rules of Civil Procedure 18(a) and 20(a). (Docket No. 120.) Plaintiff has filed a request for judicial notice, (Docket No. 121), motion for reconsideration, (Docket No. 123), and a motion for

an extension of time to file a second amended complaint, (Docket No. 124).

## DISCUSSION

### A. Background

In the order of service, the Court found the complaint stated a cognizable claim under the Eighth Amendment based on the allegation that Defendants acted with deliberate indifference to his pain management and neurological and orthopedic medical condition since 2007. (Docket No. 19 at 2.) In granting Defendants' motion to dismiss, the Court found that Plaintiff's action was based on two different and apparently unrelated medical issues: inadequate pain medication (for his spinal condition) and vision care needs. (Docket No. 98 at 6.) In filing an amended complaint, Plaintiff was advised that he was to limit the claims in this action to an Eighth Amendment deliberate indifference claim regarding either his pain management or his vision care needs. (*Id.* at 7.) In screening the amended complaint, the Court found it again failed to adhere to Rules 18(a) and 20(a) because it contained mixed allegations regarding Plaintiff's vision care needs and pain management. (Docket No. 120 at 3-4.) In filing a second amended complaint, the Court ordered Plaintiff to limit the allegations to facts regarding his pain management and against only those Defendants that were personally involved. (*Id.* at 4.)

### B. Motion for Reconsideration and Judicial Notice

Plaintiff has filed a motion for reconsideration, requesting

2

that the Court rule on the "scope of the telemed pain management contract (dated: 10-09-15) as it relates to the issue of pain." (Docket No. 123 at 2.) Plaintiff refers to a request for judicial notice of a "telemedicine pain management state contract" by specialist, Dr. Pacito Ver Yabes, MD. (*Id.*; Docket No. 121, Ex. H1-4.) Plaintiff claims that the "contract" makes mention of "eye (optic-nerve) pain" such that it should be part of his pain management claim.

Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)) (internal quotation marks omitted). Plaintiff's proffered document is simply not what he asserts. He refers to the document as a "contract," but it is clearly not a legal document. Rather, it appears to be a physician's report from a telemedicine consult that took place on October 9, 2015. (Docket No. 121, Ex. H1-4.) Because Plaintiff fails to establish that this document is from a source "whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), the request for judicial notice is DENIED.

Furthermore, even if the Court grants the request, a review of this report reveals that Plaintiff chief complaint was "chronic intractable neck and low back pain." (*Id.* at 3.) There is no mention of pain management with respect to Plaintiff's optic

3

nerve or vision. Accordingly, the Court denies the motion for reconsideration with respect to the dismissal of claims regarding Plaintiff's vision care needs based on his assertion that the alleged pain includes vision pain. Plaintiff has not established that his vision care needs, including treatment for "vision pain," are related to the pain management for his chronic neck and back pain. As such, the Court clarifies that the second amended complaint is limited to the claim that Defendants acted with deliberate indifference with respect to Plaintiff's pain management for his chronic neck and back pain. Plaintiff may pursue his vision care needs claim in a separate action.

C. **Motion for Extension of Time**

Plaintiff's motion for an extension of time to file a second amended complaint is GRANTED. (Docket No. 124.) Plaintiff shall file a second amended complaint **no later than twenty-eight (28) days** from the date this order is filed.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for judicial notice is **DENIED**. (Docket No. 121.) Plaintiff's motion for reconsideration is **DENIED**. (Docket No. 123.) His request for clarification as to the scope of his pain management claim is GRANTED. Plaintiff is directed to file a second amended complaint containing only allegations in support of his Eighth Amendment deliberate indifference claim regarding his pain management **for his chronic neck and back pain**. The second amended complaint

4

must comply with Rule 18(a) and Rule 20(a) or be subject to dismissal for violating those rules.

2. The second amended complaint must include the caption and civil case number used in this order, Case No. C 17-01690 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff shall file the second amended complaint **no later than twenty-eight (28) days** from the date this order is filed. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and the amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a second amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

3. The Clerk shall include a **Request for Copies form** indicating the cost for copies of all the documents requested by Plaintiff.

///

///

This order terminates Docket Nos. 121, 123, and 124.
**IT IS SO ORDERED.**

Dated: February 8, 2019

*Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge