UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br>Plaintiff,<br><br>v.<br><br>W. MUNIZ, et al.,<br>Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER GRANTING MOTION TO SCREEN SECOND AMENDED COMPLAINT; PARTIAL DISMISSAL AND SERVICE; ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 128, 130, 134) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP"). The Court granted Defendants' motion to dismiss the complaint for failing to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure ("FRCP"), and granted Plaintiff leave to amend to attempt to correct the deficiencies. (Docket No. 98.) Plaintiff filed an amended complaint, (Docket No. 107), which the Court screened and again dismissed for failure to comply with Rule 18(a). (Docket No. 120.) Plaintiff filed a second amended complaint. (Docket No. 129, hereinafter "SAC.") Defendants

move for screening of the SAC. (Docket No. 134.) The motion is GRANTED.

## DISCUSSION

### A. Background

At the outset of this action, the Court found the original complaint stated a cognizable claim under the Eighth Amendment based on the allegation that Defendants acted with deliberate indifference to his pain management and neurological and orthopedic medical condition since 2007. (Docket No. 19 at 2.) Subsequently in granting Defendants' motion to dismiss, the Court found that Plaintiff's action was based on two different and apparently unrelated medical issues: inadequate pain medication (for his spinal condition) and vision care needs. (Docket No. 98 at 6.) In filing an amended complaint, Plaintiff was advised that he was to limit the claims in this action to an Eighth Amendment deliberate indifference claim regarding either his pain management or his vision care needs. (*Id.* at 7.) After screening the amended complaint, the Court found that Plaintiff had again failed to comply with Federal Rule of Civil Procedure 18(a) because it included a variety of unrelated claims against different Defendants. (Docket No. 120 at 3.) Plaintiff as granted one final opportunity to file a second amended complaint that satisfies both Rules 18(a) and 20(a). (*Id.* at 5.) Because it appeared that Plaintiff wished to pursue the claim regarding his pain management, the Court instructed him to limit the allegations in the SAC to facts regarding his pain management and against only

those Defendants that were personally involved in his pain management. (*Id.*)

Defendants move for screening of the SAC and assert that the SAC includes a variety of unrelated allegations. (Docket No. 134 at 2-3.) Plaintiff filed a reply, asserting that he has complied with the court order and limited the allegations to pain management. (Docket No. 136.) Plaintiff also asserts that the denial of corrective surgery for his orthopedic and neurological injuries gave rise to the need of continuity of pain management care treatment. (Martin Decl. ¶¶ 10, 13.)

## B.  **Analysis**

Plaintiff names the following as Defendants: Dr. Kim R. Kumar, MD; Dr. Darrin M. Bright, Tuan Anh Tran (pharmacist); Dr. Eric Sullivan; Dr. Edward Miles Birdsong; Dr. Jennifer Villa; and Warden William Muniz. (SAC ¶¶ 4-11.) Plaintiff asserts two claims for relief: (1) Defendants acted with deliberate indifference in depriving him of adequate treatment for his pain management for "neurological and orthopedic serious injuries," particularly in light of the their failure to provide him with corrective surgeries that would lower or eliminate such need, (SAC ¶¶ 66-67); and (2) a procedural due process claim under the Fourteenth Amendment for the arbitrary termination of certain pain medications that were prescribed to stabilize his injuries, (*id.* ¶¶ 68-69).

With respect to Plaintiff's second claim for relief, the Fourteenth Amendment's due process clause only applies to the medical treatment provided to pretrial detainees, not to convicted

prisoners like Plaintiff. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Accordingly, Plaintiff must challenge the allegedly arbitrary decision to terminate pain medication under the Eighth Amendment. Accordingly, the Court will liberally construe that claim as being raised under the Eighth Amendment rather than dismissing it for failure to state a claim under the Fourteenth Amendment. *See Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

The SAC does contain allegations that are not directly related to the issue of his pain management at SVSP. For example, Plaintiff again describes, as he did in the amended complaint, Defendant Dr. Kumar's actions related to Plaintiff's

4

1   pain medication while housed at the SATF-Corcoran[1] during

2   2003, which are separate from the claims regarding his treatment

3   at SVSP. (SAC ¶¶ 14-16.) Although Defendant Kumar has since

4   become employed at SVSP and is a named defendant in this

5   action, it is highly doubtful that Plaintiff can pursue a claim

6   against Defendant Kumar for acts that occurred 16 years ago.

7   Furthermore, Plaintiff alleges, among others, the following

8   claims that are not strictly related to his pain management: the

9   claim that after he was transferred to SVSP in February 2007, he

10  was issued the wrong blood pressure medicine, (*id.* ¶20); the

11  claim that Plaintiff never received a CAT-scan that was ordered

12  in October 2008 by Dr. Kim at Mercy Hospital, (*id.* ¶ 28); the

13  claim that he did not receive treatment after an altercation in his

14  cell in July 2009, (*id.* ¶ 30); the claim that Natividad Hospital

15  withheld certain treatment for his neck and back at the orders of

16  "SVSP-doctors" in July 2012, and only examined his lungs, (*id.*

17  ¶¶ 35-36); the claim that Defendant Dr. Eric Sullivan denied him

18  treatment after an assault on August 1, 2013, (*id.* ¶¶ 40-41); the

19  claim that Defendant Warden W. Muniz submitted

20  documentation in a civil rights case stating that Plaintiff was

21  receiving appropriate medical care, which was "egregiously

22  incorrect," (*id.* ¶ 43); and the claim that Defendant Bright had

23  Plaintiff removed from the emergency room at Natividad

24  Hospital on 10-01-17 although he was receiving beneficial

25

26  [1] SATF-Corcoran refers to the Substance Abuse Treatment
    Facility and State Prison at Corcoran, California.

27

28                                    5

treatment there and after he returned to prison, his condition worsened, (*id.* ¶ 57).

Liberally construed, the Court finds the SAC contains sufficient facts to support an Eighth Amendment claim for deliberate indifference to serious medical needs, i.e., Plaintiff's chronic pain related to certain longstanding injuries to his neck and back and the failure to provide corrective surgeries to address that pain. This claim is based on the allegations related to the termination of certain types of medication, the form of the medication prescribed (e.g., crush-float or liquid), and the repeated denials of his requests for pain medication. Although Plaintiff asserts that he included certain "contextual facts to establish and deduce deliberate indifference" to his serious medical needs, (SAC, Attach. at 5; SAC ¶¶ 15, 34), many of the allegations contained therein clearly go beyond providing mere context for his chronic pain management claim. *See supra* at 5.

Plaintiff has already been permitted two opportunities to file an amended complaint in lieu of dismissal. In the interest of justice, the Court will strike the portions of the SAC that raises facts unrelated to his pain management while at SVSP. Specifically, the following paragraphs from the SAC shall be stricken as containing facts that do not comply with Rules 18(a) and 20(a)(2) of the Federal Rules of Civil Procedure: ¶¶ 14-19; ¶¶ 28-36; ¶¶ 40-47; ¶¶ 57-58. If Plaintiff wishes to pursue other, unrelated claims, he must file them in a separate § 1983 action.

///

///

6

# CONCLUSION

For the foregoing reasons,

1.    Defendants' motion for a screening order of the SAC is **GRANTED**.  (Docket No. 134.)

2.    Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), (Docket Nos. 128, 130), are DENIED as moot since he was granted IFP status at the outset of this action. (Docket No. 20.)  Plaintiff is advised that IFP status does not entitle him to a complete waiver of filing fees.  Rather, it means that funds for the filing fee will be taken from income to Plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1) until the entire amount has been paid.  (*Id.*)

3.    This matter shall proceed on the Eighth Amendment claim with respect to Plaintiff's pain management, including the denial of corrective surgery to address the chronic pain, at SVSP against Defendants Dr. Kim R. Kumar, Dr. Darrin M. Bright, Tuan Anh Tran (Pharmacist), Dr. Edward Miles Birdsong, Dr. E. M. Birdsong, and Dr. Jennifer Villa.

The Clerk shall terminate Dr. Eric Sullivan and Warden W. Muniz from this action since the portions of the SAC containing specific allegations against them have been stricken, and this action therefore contains no cognizable claims against them.

4.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be

supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 128, 130, and 134.

**IT IS SO ORDERED.**

**Dated: October 4, 2019**

BETH LABSON FREEMAN
United States District Judge