UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br><br>   Plaintiff,<br><br>   v.<br><br>W. MUNIZ, et al.,<br><br>   Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND CONTEMPT CITATION**<br><br>(Docket No. 143) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP"). The operative complaint is the second amended complaint, Dkt. No. 129, and the only claim in this matter is the Eighth Amendment claim concerning Plaintiff's pain management, including the denial of corrective surgery to address the chronic pain, against Defendants Dr. Kim R. Kumar, Dr. Darrin M. Bright, Tuan Anh Tran, Dr. Edward Miles Birdsong, and Dr. Jennifer Villa. Dkt. No. 137 at 7. Before Defendants filed their motion for summary judgment, Dkt. No. 149, Plaintiff filed a motion for a preliminary injunction and temporary

restraining order. Dkt. No. 143. Defendants filed opposition. Dkt. No. 146.

## DISCUSSION

**A.  Standard of Review**

The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). Section 3626(a)(2) applies specifically to preliminary injunctive relief. *See* 18 U.S.C. § 3626(a)(2). In civil actions with respect to prison conditions it permits the court to enter a temporary restraining order or preliminary injunction "to the extent otherwise authorized by law" but also requires that such an order "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).

**B.   Analysis**

Plaintiff seeks a preliminary injunction against not only the Defendants in this action, but against non-parties, including the CDCR Secretary Ralph Diaz, Warden W. Muniz, and numerous medical staff, to prohibit them from: (1) forcing him to take medication in crush and float form, Dkt. No. 143 at 3-4; (2) withholding certain pain medications, *id.* at 4; (3) depriving him of a "safe secure ADA vehicle," *id.* at 5; (4) cancelling his transfer to a different medical facility, *id.* at 6; (5) using an allegedly fraudulent document to change his medical status from high risk to medium, *id.* at 7; and (6) interfering with transfers to a facility "for a higher level of medical stabilize care," *id.* at 8. Lastly, Plaintiff seeks the Court to "refrain" Defendants and counsel from submitting any documents to the Court without holding an evidentiary hearing. *Id.* at 8-9. Plaintiff also seeks "criminal contempt citations" against Defendants for "acts of obstruction of justice by way of perjury and falsifying documents." *Id.* at 10.

Defendants first object to Plaintiff's request for an injunction regarding crush and float medications because he cannot demonstrate a likelihood of success on the merits. Dkt. No. 146 at 3. Defendants point out that in a previous order in this matter, the Court found Plaintiff had

3

failed to establish a likelihood of success on nearly an identically presented issue because it was unlikely that he had managed to successfully exhaust administrative remedies and therefore would not be able to proceed on the merits. *Id.*; Dkt. No. 74. Those circumstances have not changed. Furthermore, Plaintiff also fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief where, as Defendants point out, he has provided no persuasive evidence that the "crush and float" manner of ingesting his pain medication is in any way harmful. Accordingly, the Court finds that Plaintiff has failed to carry his burden of persuasion by a clear showing that a preliminary injunction with respect to crush and float medication is warranted. *See Lopez*, 680 F.3d at 1072.

  Secondly with respect to the withholding of pain medication, Defendants also argue that the Court previously denied injunctive relief on a similar motion because it was "too general and vague" and as such, the parameters of the requested relief were unclear. Dkt. No. 146 at 4. Defendants argue that the current motion suffers from similar deficiencies. *Id.* Plaintiff mentions that on October 9, 2015, some sort of pain medication was recommended but fails to provide any further details or explain what specific action he seeks. Dkt. No. 143 at 4. The Court agrees that it is again unclear as to what relief Plaintiff is requesting, and therefore no basis for issuing any "narrowly drawn" order to correct uncertain harm. Accordingly, a preliminary injunction is not warranted on this basis.

  Defendants assert that the remainder of Plaintiff's requests must also be denied because Plaintiff has failed to demonstrate a likelihood of success on the merits in connection with the claims and they are unrelated

4

to the issues raised in this action. Dkt. No. 146 at 5. Defendants are correct. As stated above, the only claim in this action is the "Eighth Amendment claim for deliberate indifference to serious medical needs, i.e., Plaintiff's chronic pain related to certain longstanding injuries to his neck and back and failure to provide corrective surgeries to address that pain." *See supra* at 1; Dkt. No. 137 at 6. A plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." There is a sufficient nexus if the interim order "would grant 'relief of the same character as that which may be granted finally.'" *Id.* (citation omitted); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not asserted a claim for a HIPAA violation). Here, even if Plaintiff prevailed in this action, he would not be granted any relief involving an ADA vehicle, transfer to a different medical facility, change in medical status, or the Attorney General's office. *See supra* at 3. Accordingly, Plaintiff is not entitled to injunctive relief based on these other grounds.

Lastly, with respect to Plaintiff's request for a "contempt citation," he fails to identify the specific court order that Defendants are allegedly violating. Dkt. No. 143 at 10-19. Contempt is only available when the court finds by clear and convincing evidence that a party violated a specific and definite order of the court. *Parsons v. Ryan*, 949 F.3d 443,

5

452 (9th Cir. 2020) (violation of order to show cause is grounds for contempt, unlike violation of a stipulation that is not also a court order). Plaintiff makes repeated references to a previous case and medical records from several years pertaining to that prior matter, but no specific court order in this matter. Accordingly, he fails to persuade this Court by clear and convincing evidence that Defendants violated a specific and definite order of the court. *Id.* The motion is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a preliminary injunction and TRO and motion for contempt order are **DENIED**.

This order terminates Docket No. 143.

**IT IS SO ORDERED.**

Dated: ___July 24, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for PI&TRO
PRO-SE\BLF\CR.17\01690Martin_deny.pi

6