1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE MARTIN,

          Plaintiff,

     v.

W. MUNIZ, et al.,

          Defendants.

Case No. 17-01690 BLF (PR)

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF LAST COURT ORDER; DENYING REQUESTS FOR EXTENSION OF TIME AS MOOT**

(Docket Nos. 153, 154, 164)

      Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Salinas Valley State Prison ("SVSP").  The operative complaint is the second amended complaint, Dkt. No. 129, and the only claim in this matter is the Eighth Amendment claim concerning Plaintiff's pain management, including the denial of corrective surgery to address the chronic pain, against Defendants Dr. Kim R. Kumar, Dr. Darrin M. Bright, Tuan Anh Tran, Dr.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Edward Miles Birdsong, and Dr. Jennifer Villa.  Dkt. No 137 at 7.

Defendants filed a summary judgment motion on March 20, 2020.  Dkt. No. 149.  Plaintiff filed opposition papers on May 11, 2020.  Dkt. Nos. 155, 156, 157, 158.  The matter became submitted on May 18, 2020, upon the filing of Defendants' reply.  Dkt. No. 159.

The Court herein addresses several pending motions filed by Plaintiff.  Dkt. Nos. 153, 154, and 164.

## DISCUSSION

### A.   <u>Requests for Extension of Time</u>

On April 30, 2020, the Court granted Plaintiff an extension of time of forty-two days from the filing date of the order to file an opposition, such that Plaintiff had until June 11, 2020, to file a timely opposition.  Dkt. No. 151.  Then on May 1 and 7, 2020, Plaintiff filed two requests for an extension of time to file an opposition which were not docketed as pending motions and therefore did not come to the attention of the Court at that time.  Dkt. Nos. 153. 154.  It appears Plaintiff filed these requests before receiving the Court's April 30, 2020 order granting his first request for an extension of time.  Nevertheless, Plaintiff still managed to file his opposition and supporting documents on May 11, 2020.  Dkt. Nos. 155, 156, 157, 158.  Accordingly, the Court will deny his requests for an extension of time as moot.  Dkt. Nos. 153, 154.

///

2

**B.**   **Request for Court Order**

Plaintiff has filed a document containing numerous requests, including an order granting him access to the law library "to acquire legal photo copies and review points of law relating to recent court order deny[ing] prospective relief," and "to obtain copies of documents affirming proof of complete exhaustion of remedies." Dkt. No. 164 at 1.

Before Defendants filed their motion for summary judgment, Plaintiff filed a motion for preliminary injunction and temporary restraining order. Dkt. No. 143. After reviewing the motion and Defendants' opposition, Dkt. No. 146, the Court denied Plaintiff's motion. Dkt. No. 163. The Court assumes this last court order is what Plaintiff refers to as the "recent court order deny[ing] prospective relief."

Plaintiff also argues that in denying his request for prospective relief, the Court "inadvertently testified on the record on behalf of the Officer of the Attorney General as it directly relate[s] to critical facts regarding exhaustion of state remedy require[d] by the (PLRA)." *Id.* 1-2. Plaintiff asserts that the Court did not consider his "many submitted exhibits inter alia experts opinions that were provided by proxy of the public tax payer funds [*sic*]." *Id.* at 2. Plaintiff asserts that the Court's conclusion that he had failed to show a likelihood of success on the merits is in "conflict with affirmed factual documents that support every claim and or cause of action before a jury." *Id.* Plaintiff asserts that he "did exhaust completely all remedies" and that he can show it if he can obtain copies through a court order.

*Id.* The Court will construe this request as a motion for reconsideration of the last court order which requires leave of court under the Northern District's Local Rule 7-9.

### 1. Legal Standard

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

### 2. Analysis

First with regards to diligence, the court order denying Plaintiff's motion for an injunction was filed on July 24, 2020, Dkt. No. 163, and Plaintiff filed the instant request on August 10,

United States District Court
Northern District of California

4

2020, Dkt. No. 164.  Accordingly, the Court finds Plaintiff has shown reasonable diligence in bringing the motion.  Second, based on Plaintiff's assertions above, the Court construes his motion as being made under subsection (3) above, i.e., failure to consider material facts or dispositive legal arguments.  *See supra* at 3.

     The specific part of the court order to which Plaintiff objects is the discussion on Defendants' first objection to Plaintiff's request for an injunction:

> Defendants first object to Plaintiff's request for an injunction regarding crush and float medications because he cannot demonstrate a likelihood of success on the merits.  Dkt. No. 146 at 3.  Defendants point out that in a previous order in this matter, the Court found Plaintiff had failed to establish a likelihood of success on nearly an identically presented issue because it was unlikely that he had managed to successfully exhaust administrative remedies and therefore would not be able to proceed on the merits.  *Id.*; Dkt. No. 74.  Those circumstances have not changed.  Furthermore, Plaintiff also fails to establish that he is likely to suffer irreparable harm in the absence of preliminary relief where, as Defendants point out, he has provided no persuasive evidence that the "crush and float" manner of ingesting his pain medication is in any

1
2
3
4
5
6

> way harmful.  Accordingly, the Court finds that
> Plaintiff has failed to carry his burden of
> persuasion by a clear showing that a preliminary
> injunction with respect to crush and float
> medication is warranted.  *See Lopez*, 680 F.3d at
> 1072.

7   Dkt. No. 163 at 3-4.

8   Plaintiff adamantly asserts that he exhausted administrative
9   remedies.  *See supra* at 3.  However, even if the Court erred in
10  assuming that he had not, that still would not render the denial of
11  an injunction improper because likelihood of success on the
12  merits is only one factor.  "A plaintiff seeking a preliminary
13  injunction must establish that he is likely to succeed on the
14  merits, that he is likely to suffer irreparable harm in the absence
15  of preliminary relief, that the balance of equities tips in his favor,
16  and that an injunction is in the public interest."  *Winter v. Natural*
17  *Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Where
18  the court concludes the movant has failed to show a likelihood of
19  success on the merits, the court, in its discretion, need not
20  consider whether the movant would suffer irreparable injury.
21  *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).

22  Here, the Court proceeded to also consider whether Plaintiff
23  had shown that he was likely to suffer irreparable harm in the
24  absence of preliminary relief.  *See supra* at 5.  In that regard,
25  Plaintiff asserts the Court did not consider his "many submitted
26  exhibits inter alia experts [*sic*] opinions."  *See supra* at 3.
27  However, the attached exhibits "A1-20" do not contain any

28

6

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

expert opinion with respect to the likelihood that Plaintiff will suffer irreparable harm if he continues to take medication in crush-float form.  Dkt. No. 143 at 31-51.  Rather, the exhibits contain a copy of counsel's declaration in support of Defendants' Opposition to Plaintiff's motion for preliminary injunction, committee review summaries, correspondence with the California Correctional Health Care Services, chronos, and Plaintiff's medical records.  *Id.* at 31-50.  None of the documents make mention of the issue of crush-float medication.  *Id.*  The last page of the exhibits appears to be a cutout of a newspaper article dated January 13, 2016, regarding the proper exhaustion of administrative remedies, which is irrelevant on the issue of irreparable harm due to crush-float medication.  Plaintiff has failed to show a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court in denying his motion for a preliminary injunction.  Accordingly, his motion for leave to file a motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to file motion for reconsideration under Local Rule 7-9 is **DENIED**.  Dkt. No. 164.  Accordingly, Plaintiff's related request for a court order for library access it prepare such a motion is **DENIED** as moot.

Plaintiff's requests for an extension of time to file opposition are **DENIED** as moot.  Dkt. Nos. 153, 154.

This order terminates Docket Nos. 153, 154, and 164.

**IT IS SO ORDERED.**

**Dated:** _August 21, 2020____

BETH LABSON FREEMAN
United States District Judge

Order Denying Leave to File Recon. & EOTs
PRO-SE\BLF\CR.17\01690Martin_deny.recon&eot