UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTIN,<br>Plaintiff,<br><br>v.<br><br>W. MUNIZ, et al.,<br>Defendants. | Case No. 17-01690 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; ADDRESSING OTHER REQUESTS**<br><br>(Docket Nos. 173, 174, 175) |

Plaintiff, a California inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at the Salinas Valley State Prison ("SVSP"). The Court granted Defendants' motion for summary judgment on the Eighth Amendment deliberate indifference to serious medical needs claim against them. Dkt. No. 169. Plaintiff has filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60(b)(1-6), Dkt. No. 175, along with exhibits in support, Dkt. No. 175-1.

Where the court's ruling has resulted in a final judgment or

order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

This action was based on Defendants' treatment of Plaintiff's chronic pain related to certain longstanding injuries to his neck and back, and the alleged failure to provide corrective surgeries to address that pain. Dkt. No. 137 at 6. With regards to this treatment, Plaintiff claimed the following; (1) in February 2007, he was given the wrong blood pressure medicine and that another pain medication, tramadol, was improperly cancelled; (2)

Defendant Tran was deliberately indifferent to him from 2007 through 2015, and that he has been falsely labeled as a "non-compliant" patient; (3) at some point in 2013, he was given Tylenol with codeine but was later given a different drug which tasted strange; (4) his extended release morphine was cancelled in 2016 and replaced with "crush-float morphine" which is inadequate; and (5) he was denied pain medication, a CAT scan, and surgeries during 2016 and 2017. Dkt. No. 169 at 16. In granting Defendants' motion for summary judgment, the Court concluded that there was an absence of a genuine dispute of material fact with respect to any of these Eighth Amendment claims. *Id.* at 27.

The Court first considers Plaintiff's motion for reconisderation under Rule 59(e). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition). A district court does not commit clear error warranting

reconsideration when the question before it is a debatable one. *See McDowell*, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Plaintiff's major arguments are that the Court has failed to be impartial in its ruling and that Defendant Bright's declaration is "perjured testimony." Dkt. No. 175 at 4, 5. Plaintiff repeats his assertions from his prior briefs that his pain issues stem from a "wrongful surgery" from 2006. *Id.* at 9-11. He also contends that there is evidence of his inability to consume crush-float medication. *Id.* at 15-16. However, none of these assertions or evidence establish grounds for reconsideration under Rule 59(e). *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d at 369 n.5. First of all, Plaintiff does not allege any intervening change of controlling law. Secondly, the documents Plaintiff submits in support do not constitute "new evidence," as they are largely from his medical records which were available prior to the district court's ruling, *see Ybarra*, 656 F.3d at 998, and any "new" information he provides is not relevant to the issues that have been resolved. Dkt. No. 175-1. For example, Plaintiff insists that Defendants were aware of his need for surgery, and that a letter in a "*Plata* Class action inquiry" shows that he would be "cleared for surgery." Dkt. No. 175 at 2; Dkt. No. 175-1 at 12. However, this *Plata* letter is dated October 19, 2011, which is approximately 5 years before the allegations in the instant action

4

that Defendants denied him surgery during 2016 and 2017. As the Court found, the only mention of surgery was in the medical records submitted *by Plaintiff* from January 2017, when Dr. Ramberg concluded that surgery was not a viable option to alleviate Plaintiff's chronic pain. Dkt. No. 169 at 22-23. Plaintiff asserts in his motion that the Court improperly relied on Dr. Ramberg's report and that two other doctors had different opinions. Dkt. No. 175 at 27. However, Dr. Ramberg's report was submitted *by Plaintiff* in support of his opposition, and the other doctors' reports he provides now are from 2007 and 2008, which is 9-10 years before Plaintiff was allegedly denied surgery in 2016 and 2017. Dkt. No. 175-1 at 22-23, 26-27. Furthermore, Plaintiff's assertions that Dr. Bright's declaration is "perjured testimony" and that the Court has failed to be impartial are simply conclusory and is not supported by any evidence. A review of Dr. Bright's declaration shows that he simply summarized the underlying medical records of Plaintiff, which were attached to the declaration. Dkt. No. 167-1. Plaintiff does not claim that Dr. Bright mischaracterized any of the records, but rather he disagrees with the observations contained in the chart notes.[1] Plaintiff further offers only references to other chart notes regarding recommendations for treatment that predate Dr. Bright's review by five to ten years. Lastly, Plaintiff's lay opinions that he should be provided with other pain medications

---

[1] The Court will address Plaintiff's specific objections in the following discussion under Rule 60(b). *See infra* at 7-8.

or surgery are not sufficient to attack the credibility of Dr. Bright's testimony or to create a triable issue of material fact. Absent highly unusual circumstances, and Plaintiff pleads none, the Court finds no other basis for granting the motion for reconsideration where the Court's decision was correct. *See McDowell*, 197 F.3d at 1255. Accordingly, the amended motion for reconsideration based on Rule 59(e) is DENIED.

The Court next considers the motion under Rule 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted).

Plaintiff has failed to establish any basis for reconsideration under Rule 60(b). At most, his argument that Dr. Bright offered "perjured testimony" may be construed as an assertion of "fraud

6

by the adverse party." The relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process. *See United States v. Sierra Pacific Indus.*, 862 F.3d 1157, 1168 (9th Cir. 2017). There must be an intentional, material misrepresentation that goes to the central issue in the case and that affects the outcome of the case. *Id.* Relief is available only where the fraud was not known at the time of settlement or entry of judgment. *Id.* A "mere discovery violation or non-disclosure does not rise to the level of fraud on the court." *Id.* at 1171. "[A] long trail of small misrepresentations--none of which constitutes fraud on the court in isolation--could theoretically paint a picture of intentional, material deception when viewed together" even if each individual misrepresentations did not rise to the level of fraud on the court. *Id.* at 1173.

Here, Plaintiff points to parts of Dr. Bright's declaration which he asserts includes "perjured" statements. First, Plaintiff asserts that Dr. Bright's account of an incident where Plaintiff was alleged to have run 10 feet is incorrect. Dkt. No. 175 at 12. However, the Court did not merely rely on Dr. Bright's declaration but reviewed the supporting documentation by medical staff reporting on the incident. Dkt. No. 169 at 5-6. Accordingly, any alleged inconsistency by Dr. Bright in this regard did not affect the outcome of the case. Plaintiff also points to Dr. Bright's statement that Plaintiff was belligerent toward staff without identifying the specific staff member. Dkt. No. 175 at 17. This lack of information does not impact the

outcome of the case because there was other evidence of Plaintiff's belligerence: Defendant Birdsong reported Plaintiff was belligerent in March 2015, Dkt. No. 169 at 8; and Plaintiff was belligerent while interacting with Dr. Carl Bourne, a nonparty, whom Plaintiff called a "liar," *id.* at 9. Plaintiff also asserts that Dr. Bright offered "perjured testimony" when he stated that there were no physical findings in Plaintiff's medical exams or imaging to support Plaintiff's request for surgery. Dkt. No. 175 at 18-19. Plaintiff asserts that the consultation notes from Dr. Rahimifar from 2006 states otherwise. *Id.* at 19. However, Plaintiff's claim in this instant action was that Defendants wrongly denied him surgery in 2016 and 2017: the fact that Plaintiff needed surgery in 2006, which he did in fact receive, does not establish that Dr. Bright's statement over a decade later was false. Based on the foregoing, the Court is not persuaded that Dr. Bright's declaration constates "fraud" such that it harmed the integrity of the judicial process. *See Sierra Pacific Indus.*, 862 F.3d at 1168. Accordingly, Plaintiff has failed to establish that he is entitled to this equitable remedy under Rule 60(b) to prevent manifest injustice. *See Washington*, 394 F.3d at 1157.

For the foregoing reasons, Plaintiff's motion for reconsideration under Rule 59(e) and Rule 60(b) is DENIED. Dkt. No. 175.

Plaintiff's request for an extension of time to respond to the court's order is DENIED as moot. Dkt. No. 173. He also requests a court order granting him law library access. *Id.* That

8

motion is DENIED to filing it in the Ninth Circuit, if he chooses to appeal this matter.

Plaintiff's request that his motion for reconsideration be served on Defendants' counsel is also DENIED as moot. Dkt. No. 174.

This order terminates Docket Nos. 173, 174, and 175.

**IT IS SO ORDERED.**

**Dated: __May 25, 2021__**

_____
BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Recon.; Other Motions
PRO-SE\BLF\CR.17\01690Martin_deny.recon

9